UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAGHVENDRA SINGH,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>DANNY BRACE,<br><br>　　　　　Defendant. | Case No. 2:24-cv-02457-DC-JDP (PS)<br><br>**ORDER**<br><br>GRANTING PLAINTIFF'S APPLICATION TO PROCEED IN FORMA PAUPERIS<br><br>ECF No. 2<br><br>**FINDINGS AND RECOMMENDATIONS**<br><br>THAT PLAINTIFF'S COMPLAINT BE DISMISSED WITHOUT LEAVE TO AMEND<br><br>ECF No. 1<br><br>OBJECTIONS DUE WITHIN FOURTEEN DAYS |

　　　　Plaintiff brings this action against his former attorney Danny Brace. I will grant plaintiff's application to proceed *in forma pauperis*, which makes the required showing pursuant to 28 U.S.C. § 1915(a), and I recommend that complaint be dismissed without leave to amend for lack of subject matter jurisdiction.

**Screening and Pleading Requirements**

　　　　A federal court must screen the complaint of any claimant seeking permission to proceed *in forma pauperis*. *See* 28 U.S.C. § 1915(e). The court must identify any cognizable claims and

1

dismiss any portion of the complaint that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *Id.*

A complaint must contain a short and plain statement that plaintiff is entitled to relief, Fed. R. Civ. P. 8(a)(2), and provide "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The plausibility standard does not require detailed allegations, but legal conclusions do not suffice. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). If the allegations "do not permit the court to infer more than the mere possibility of misconduct," the complaint states no claim. *Id.* at 679. The complaint need not identify "a precise legal theory." *Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024, 1038 (9th Cir. 2016). Instead, what plaintiff must state is a "claim"—a set of "allegations that give rise to an enforceable right to relief." *Nagrampa v. MailCoups, Inc.*, 469 F.3d 1257, 1264 n.2 (9th Cir. 2006) (en banc) (citations omitted).

The court must construe a pro se litigant's complaint liberally. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam). The court may dismiss a pro se litigant's complaint "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1208 (9th Cir. 2017). However, "'a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled.'" *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting *Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982)).

**Analysis**

Plaintiff has filed a single-page complaint that contains vague and conclusory allegations against his former attorney, defendant Brace. ECF No. 1 at 1. Plaintiff alleges that defendant provided confidential information to plaintiff's probation officers, which led to plaintiff's incarceration. Plaintiff also claims that defendant took either $1,500 or $126,000 to file a writ of habeas corpus but never filed a writ. Plaintiff seeks damages in the amount of more than $100,000,000.

1    The complaint should be dismissed because this court lacks subject matter jurisdiction. The complaint's allegations are sparse and insufficient to notify defendant of the specific claim plaintiff is attempting to allege. Plaintiff has not alleged any specific injury caused by defendant that can be redressed here. Therefore, this court does not have jurisdiction over this action because the complaint alleges no federal claim and there is no diversity jurisdiction because both plaintiff and defendants are citizens of California. *See* ECF No. 1 at 2. As plaintiff has alleged no legal or factual basis for the claimed damages, the amount in controversy requirement cannot be met. *See McDaniel v. Hinch*, No. 2:17-cv-02448-KJM-CKD (E.D. Cal. July 11, 2018) ("[W]ith no stated claim triggering either diversity or federal question jurisdiction, the complaint is properly subject to dismissal for lack of jurisdiction. Fed. R. Civ. P 8(a)(2); *Ashcroft v. Iqbal*, 556 U.S. 662, 677 (2009).") Further, I find that granting plaintiff leave to amend would be futile. Plaintiff has filed several complaints—each replying on similarly vague and conclusory—that have been dismissed for either fail to state a claim or lack of subject matter jurisdiction. *See, e.g.*, *Singh v. City of Elk Grove*, 2:23-cv-0057-TLN-CKD (E.D. Cal. 2023); *Singh v. City of Placerville*, 2:23-cv-0054 (E.D. Cal. 2023); *Singh v. Internal Revenue Service*, 2:23-cv-0053 (E.D. Cal. 2023); *Singh v. Fernandes*, 2:15-cv-02663-MCE-CKD (E.D. Cal. 2015). Accordingly, the complaint should be dismissed without leave to amend. *See Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir. 2000) ("Under Ninth Circuit case law, district courts are only required to grant leave to amend if a complaint can possibly be saved. Courts are not required to grant leave to amend if a complaint lacks merit entirely.").

Accordingly, it is hereby ORDERED that plaintiff's application to proceed *in forma pauperis*, ECF No. 2, is granted.

Further, it is RECOMMENDED that:

1. Plaintiff's complaint, ECF No. 1, be dismissed without leave to amend for lack of subject matter jurisdiction; and

2. The Clerk of Court be directed to close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days of

service of these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Any such document should be captioned "Objections to Magistrate Judge's Findings and Recommendations," and any response shall be served and filed within fourteen days of service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. *See Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   October 28, 2024

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE

4